IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |  |
|---|---|---|
| CARL RAYMOND YOUNG,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-07-CA-515-SS |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Dept. of<br>Criminal Justice-Correctional<br>Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in support thereof (Document 3); Petitioner's Supplemental Amendment to Memorandum of Law (Document 11); Respondent's Answer (Document 13); Petitioner's response thereto (Document 15); and Petitioner's Conclusion and Statement of Relief (Document 19). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause number 925623, styled The State of Texas v. Raymond Carl Young. Petitioner pleaded guilty to the offense of burglary of a building, and on December 2, 1992, the trial judge accepted the plea bargain agreement and sentenced Petitioner to 25 years in prison. Petitioner does not challenge his holding conviction. Rather, he challenges the way his sentence is being carried out.

On December 20, 2002, Petitioner was released to mandatory supervision. On August 18, 2005, a warrant was issued for Petitioner's arrest. Petitioner was arrested pursuant to the warrant on September 8, 2005. On October 13, 2005, the Board of Pardons and Paroles revoked Petitioner's mandatory supervision, because Petitioner tested positive for cocaine, a violation of his mandatory supervision.

On October 3, 2006, Petitioner filed his first state application for habeas corpus relief, challenging his mandatory supervision revocation. Ex parte Young, Appl. No. 66,92-01. On March 14, 2007, the Texas Court of Criminal Appeals dismissed the application without written order because Petitioner had not exhausted the time credit dispute resolution procedure prior to filing his state application. On April 2, 2007, Petitioner filed a second state writ application, challenging his mandatory supervision revocation, which was denied without written order on June 6, 2007. Ex parte Young, Appl. No. 66,992-02.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

    1.      He is being denied previously-earned good time credits;

    2.      He is being denied street-time credits; and

    3.      He is being denied actual calendar time credits.

**C.**    **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.**    **Limitations**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends the factual predicate of Petitioner's claims occurred on October 13, 2005, the date Petitioner's mandatory supervision was revoked. Respondent argues Petitioner's first state application for habeas corpus relief did not operate to toll the limitations period, claiming it was improperly filed. Respondent further argues Petitioner's second state application for habeas corpus relief also did not operate to toll the limitations period, claiming it was filed after the limitations period had already expired.

Respondent fails to account for the time period Petitioner's time credit dispute resolution forms were pending. According to Terry Laskie's affidavit, attached to Respondent's answer, Petitioner filed three time credit disputes. The first was filed on December 20, 2005, and was resolved on July 20, 2006. The second was filed on August 30, 2006, and was resolved on May 22, 2007. The third was filed on May 11, 2007, and was resolved on July 19, 2007. Respondent did not provide the Court with the time credit disputes or their resolutions, so the Court is uncertain as to the issues raised therein.

A Texas prison inmate may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas corpus remedies regarding time credit disputes until he has complied with the requirements of Texas Government Code § 501.0081, requiring him to first file a time credit dispute resolution form with prison officials. The Texas Court of Criminal Appeals will dismiss any application for a writ of habeas corpus about time credit issues where an inmate failed

to comply with the statute. Ex parte Shepherd, 65 S.W.2d 673, 674 (Tex. Crim. App. 2002); Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000). The provisions of 28 U.S.C. § 2244(d)(2) provide that the time a state post-conviction or other collateral review is pending shall toll the deadline.  Judges in both the Northern District of Texas and the Eastern District of Texas have concluded that the limitations period is tolled during the pendency of the time credit dispute. Hunter v. Quarterman, No. 4:06-CV-342-A, 2006 WL 2914162 at *2, 5 (N.D. Tex. Oct. 11, 2006); Hood v. Director, TDCJ-CID, No. 9:06-CV-165, 2006 WL 3246355 at *3 (E.D. Tex. Nov. 6, 2006).  In light of the mandatory exhaustion requirements of 28 U.S.C. § 2254(b)(1), this Court agrees that the limitations period is tolled during the pendency of the time credit dispute.  Because the Court has not been provided sufficient information with regard to the time credit disputes, the Court cannot determine whether Petitioner's application is time-barred.  Accordingly, the Court will examine the merits of Petitioner's claims.

**B.      Standard of Review**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.   See 28 U.S.C. § 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence.   See id.   Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings.   See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**C.      Good Time Credits**

Petitioner argues his constitutional rights are being violated by not having his previously earned good time credits restored after the revocation of his mandatory supervision.  However, there is no federal constitutional right to the reinstatement of previously forfeited good conduct time credits, and the failure to restore same to a parole violator does not violate due process.

6

Since 1977, Texas statutes (previously Tex. Rev. Civ. Stat. Ann. art. 6181-1, § 4 and currently Tex. Govt. Code Ann. §§ 498.003, 498.004, 498.005) have provided that good conduct time applies only to eligibility for parole or mandatory supervision and may be forfeited for violations of department rules and good time does not reduce an inmate's sentence. Ex Parte Hallmark, 883 S.W.2d 672, 673 (Tex. Crim. App. 1994). Because Petitioner does not have a liberty interest in the reinstatement of previously accrued good conduct time credits, Petitioner is not entitled to habeas corpus relief on this claim.

**D.     Street Time Credits**

Petitioner also argues he is entitled to credit for the time he spent on mandatory supervision, also known as "street time." Despite Petitioner's argument, the law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole. See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir. ), cert. denied, 493 U.S. 856, 110 S. Ct. 161 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987, 93 S. Ct. 341 (1972); Betts v. Beto, 424 F.2d 1299 (1970). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. See  Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being forced to serve more than his 25-year

7

sentence. Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on mandatory supervision.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole and mandatory supervision. The Texas statute addressing street time credit in effect at the time of Petitioner's 2005 mandatory supervision revocation read in pertinent part:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.
>
> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE § 508.283(West 2005). Therefore, before an inmate can be entitled to restoration of street-time credit, he must not be serving a sentence for, and must not previously have been convicted of, a crime described in section 508.149(a) of the Texas Government Code. Burglary is one of the offenses listed in section 508.149(a) of the Texas Government Code. See TEX. GOV'T CODE § 508.149(a)(13). Because Petitioner was convicted of burglary, he cannot satisfy the first condition for the restoration of street-time credit as to his 2005 revocation.

Even if Petitioner had not been convicted of a crime described in section 508.149(a) of the Texas Government Code, he still would not have been entitled to street time credit. Under Section 508.283(c), Petitioner would have been entitled to credit for street time if on the date his warrant issued, he was "subject to a sentence the remaining portion of which [was] less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons."

When Petitioner was released on mandatory supervision on December 20, 2002, his mandatory supervision certificate showed Petitioner's sentence was due to be discharged on August 12, 2017, if Petitioner successfully completed mandatory supervision. See Respondent's Parole Revocation Records (Document 14). According to Laskie's affidavit, approximately 14 years, 7 months and 22 days remained on his sentence at the time of his release. See Respondent's Answer Exhibit A. At the time the pre-revocation warrant was issued on August 18, 2005, Petitioner had been on mandatory supervision for less than three years and still owed 11 years, 11 months and 24 days on his sentence. Id. As such, Petitioner failed to meet the midpoint date in order to receive street time credit under Section 508.283.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of October, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE